O

# United States District Court
# Central District of California

| | |
|---|---|
| IN RE CAROL LAVON PULLIAM, <br> USBC No. 6:14-bk-25027-WJ <br>     Debtor, <br> _____ <br> CAROL LAVON PULLIAM, <br>     Appellant, <br>     v. <br> ROD DANIELSON, <br>     Appellee. | Case No. 5:15-cv-00250-ODW <br><br> **ORDER DENYING EMERGENCY APPLICATION TO ADVANCE HEARING DATE [12]; DENYING MOTION TO SET ASIDE DISMISSAL [10].** |

## I. INTRODUCTION

The instant action is an appeal from dismissal by the Bankruptcy Court. On May 28, 2015, following Appellant's failure to comply with the procedures and orders of the Court, this Court dismissed the appeal. Appellant now moves the Court to set aside the May 28 Order denying Appellant's motion for more time to file an opening brief and dismissing the appeal. Appellant also requests, via an Emergency Application, that the Court advance the hearing date on Appellant's Motion. For the reasons discussed below, the Court affirms its dismissal, **DENIES** Appellant's Emergency Application to Advance Hearing Date, and **DENIES** Appellant's Motion to Set Aside Dismissal. (ECF Nos. 10, 12.)

## II. FACTUAL BACKGROUND

On January 30, 2015,[1] the United State Bankruptcy Court issued an Order and Notice of Dismissal arising from Carol Pulliam's Chapter 13 confirmation hearing (case number 6:14-bk-25027-WJ). (Am. Notice of Appeal at 3, ECF No. 4.) Pulliam immediately appealed, and elected to proceed before the District Court. (Notice of Appeal, ECF No. 3; Am. Notice of Appeal.)

On February 9, the appeal was assigned to this Court, and the Court issued a Notice Regarding Appeal From Bankruptcy Court. (ECF No. 1.) The Notice informed the parties that they must comply with the applicable rules of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."). (*Id.* at 1.) It informed the parties that this Court would issue a briefing schedule after the Bankruptcy Court certified that the record was complete. (*Id.* at 2.) It further informed the parties that any request for an extension of time in the briefing schedule must be filed "well in advance of the due date, and must specify good cause for the requested extension." (*Id.*) Finally, the Notice advised the parties that "failure of either party to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal . . . ." (*Id.*)

Also on February 9, the Court docketed Appellant Pulliam's Notice of Appeal. (ECF No. 3.) On March 4, the Court docketed Appellant's Amended Notice of Appeal, which attached a copy of the Order of Dismissal issued by the Bankruptcy Court. (ECF No. 4.) On May 12, the Bankruptcy Court certified that the record was ready and this Court issued the Notice Re: Bankruptcy Record Complete, Briefing Schedule, and Notice of Entry. (ECF Nos. 6, 7.) The Briefing Schedule ordered Appellant to submit an opening brief "not later than 5/26/15." (ECF No. 7.) On May 26, Appellant filed a "Motion for More Time to File Opening Brief." (ECF No. 8.) On May 28, the Court issued an Order to Dismiss Appeal ("May 28 Order") denying Appellant's Motion for more time for failure to comply with Fed. R. Bankr. P. 8009-

---

[1] All date references are to the year 2015.

4.5 (C.D. Cal. L. Bankr. R. 4.5) and dismissing the appeal for failure to file an opening brief according to Fed. R. Bankr. P. 8018-4.4 (C.D. Cal. L. Bankr. R. 4.4).[2] (ECF No. 9.)

On June 8, Appellant moved to set aside the dismissal of her appeal (also entitled "Motion for Reconsideration"). (ECF No. 10.) Appellant included a declaration with the Motion in which she stated that she had "searched everywhere" but could not find Local Rule of Bankruptcy Procedure 4.5, and that "[i]t is a mystery what the court did and why." (*Id*. at 2.)

Appellee opposed on June 10. (ECF No. 11.) Also on June 10, Appellant filed an Emergency Application to Advance Hearing Date on Motion to Reconsider. (Appl., ECF No. 12.) Appellant's Motion and Application are before the Court for consideration.

### III. DISCUSSION

**A. Emergency Application to Advance Hearing Date**

"A motion will be decided without oral argument unless the district court . . . orders otherwise." Fed. R. Bankr. P. 8013(c). After carefully considering the papers filed in support of and in opposition to Appellant's Motion for Reconsideration, the Court deems the matter appropriate for decision without oral argument. Appellant's Emergency Application to Advance Hearing Date is therefore **MOOT**.

Additionally, emergency motions must be accompanied by an affidavit containing specified information and an appendix that includes conformed copies of the Notice of Appeal and the Order. C.D. Cal. L. Bankr. R. 5; Fed. R. Bankr. P. 8013(d). Appellant failed to comply with these requirements. Appellant's declaration did not contain the information specified by Fed. R. Bankr. P. 8013(d), and Appellant

---

[2] The Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") were amended effective December 1, 2014. The Local Rules Governing Bankruptcy Appeals for the Central District ("C.D. Cal. L. Bankr. R.") currently reference the former Fed. R. Bankr. P. number (i.e. Fed. R. Bankr. P. 8009 is now cited at 8018). The substance of the relevant rules remains unaffected, and C.D. Cal. L. Bankr. R. 4.4 and 4.5 continue to be found at Rule 4.4 and 4.5 respectively.

1 did not attach the Notice of Appeal or the Order.  Accordingly, the Court **DENIES** Appellant's Emergency Application to Advance Hearing Date.  (ECF No. 12.)

**B.	Motion to Set Aside Dismissal**

Although Appellant captioned the Motion as "Motion to Set Aside Dismissal," Appellant treats the Motion as one for reconsideration.  (ECF No. 10 at 1, 3.)  Therefore, the Court will also consider it as such.

In the Central District, a motion for reconsideration must be based upon (a) a material difference of fact or law from that which was presented to the Court before the order, (b) new material facts or law emerging after the order, or (c) a manifest showing that the Court failed to consider material facts presented before the order.  C.D. Cal. L.R. 7-18.  Appellant may not repeat any written argument made in support of the original motion.  *Id.*  Here, Appellant has demonstrated no basis for reconsideration.  Appellant presents no different facts or law, no newly emerging facts or law, and fails to demonstrate, or even allege, that the Court did not consider material facts before issuing the May 28 Order.

Appellant alleges in the Motion that she is subject to "manifest injustice by having her appeal dismissed for reasons that are not set forth by the court."  (ECF No. 10 at 3.)  But Appellant was notified of the potential consequences of failure to comply with the rules of the Court in the first document docketed in this appeal.  The Notice Regarding Appeal stated "failure of either party to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal . . . ."  (ECF No. 1 at 2.)  Further, the May 28 Order expressly stated the rules with which Appellant failed to comply and the consequent Court action.  Appellant's confusion does not provide a basis for reconsideration.  Therefore, the Court **DENIES** Appellant's Motion to Set Aside Dismissal.  (ECF No. 10.)

/ / /

/ / /

/ / /

**C.     May 28 Order**

To address Appellant's apparent confusion regarding this Court's procedural rules and Orders, the Court provides the following clarification regarding the May 28 Order.

*1.     Denial of Request for More Time (Motion for Extension)*

A motion for an extension of time for filing a brief shall be filed within the time limits prescribed by the District Court. Fed. R. Bankr. P. 8018 (formerly 8009); C.D. Cal. L. Bankr. R. 4.5. The Court informed Appellant, via the Notice Regarding Appeal, that any request for an extension of time in the briefing schedule must be filed "well in advance of the due date, and must specify good cause for the requested extension." (ECF No. 1 at 2.) The Court ordered the opening brief due no later than May 26, 2015, and thus, any motion for an extension of the briefing schedule was due "well in advance of" May 26, 2015. (ECF No. 7.)

Additionally, Local Bankruptcy Rule 4.5 requires that a motion for an extension of the briefing schedule must state "the date the brief is due, how many previous extensions have been granted, when the brief was first due, and whether any previous requests for extension of time have been denied." C.D. Cal. L. Bankr. R. 4.5. Further, the motion must state "the reason(s) why such an extension is necessary, the amount of additional time requested, and the position of the opponent(s) as to the proposed extension or why the moving party has been unable to obtain a statement of the opponent's position." *Id.*

Appellant's Motion for More Time to File Opening Brief did not comply with these requirements. Appellant filed the Motion for More Time on May 26, which is not "well in advance" of that deadline. Further, the Motion for More Time omitted Appellee's position regarding the extension and any reference of previous requested extensions. The Motion for More Time failed to justify the requested thirty day extension or demonstrate how additional documents could establish good cause for such an extension, especially considering that the record had already been certified as

complete.  Because Appellant's Motion for More Time to File Opening Brief failed to comply with the requirements, on May 28, the Court properly denied the Motion for More Time.

### 2. *Dismissal of Appeal*

Briefs on appeal are due as ordered by the Court.  Fed. R. Bankr. P. 8018(a); C.D. Cal. L. Bankr. R. 4.1.  The Court ordered Appellant to file an opening brief no later than May 26.  "If an appellant fails to file a brief within the time provided by these rules, the district court may dismiss the appeal on its own motion . . . ."  C.D. Cal. L. Bankr. R. 4.4; *see* Fed. R. Bankr. P. 8018(a)(4).  In addition to these rules, the Court notified Appellant, via the Notice Regarding Appeal, that any "failure of either party to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal . . . ."  (ECF No. 1 at 2.)  Appellant did not file a brief as ordered.  Therefore, the Court properly dismissed the appeal.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Appellant's Emergency Application to Advance Hearing Date (ECF No. 12) and **DENIES** Appellant's Motion to Set Aside Dismissal (ECF No. 10).

**IT IS SO ORDERED.**

June 23, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**